van Gestel, Allan, J.
This matter is before the Court on a motion by the plaintiff, Bernard J. Pointer (“Pointer”), seeking an order that Fletcher Granite Company, LLC (“Fletcher Granite”) be directed to pay his attorneys fees defending against counterclaims brought against him. See Paper #31.
BACKGROUND
Pointer, claiming his freeze-out from Fletcher Granite, has sued the defendants, including the individuals controlling the company, claiming improper actions by them regarding his involvement at, and removal from, Fletcher Granite. Fletcher Granite has brought a counterclaim against Pointer.
It is asserted by Pointer that Fletcher Granite is paying the individual defendants’ legal fees, to defend themselves against his claims. He wants equal treatment as to his attorneys fees in defending against the Fletcher Granite counterclaim.
The counterclaim alleges that the individual defendants had assigned their claims to Fletcher Granite, that at relevant times Pointer was a member, manager and president of Fletcher Granite, and that the other *200 two defendants in counterclaim — Stone Ridge Investments, LLC and Stone Ridge Management, LLC (collectively “Stone Ridge”) — were Pointer’s affiliates. The essence of the counterclaim is that Pointer diverted two real estate opportunities, one in 1999 and the other in 2001, from Fletcher Granite to Stone Ridge. The counterclaim is in six counts for fraud by a fiduciary, breach of fiduciary duty, breach of contract, aiding and abetting by Stone Ridge, violations of G.L.c. 93A and a declaratory judgment.
Pointer points to the Fletcher Granite indemnity provisions contained in its Operating Agreement. In Material part they read:
No Member or Manager or its Affiliates . . . shall be liable ... in damages or otherwise to the Company or to any other Member or Manager for any act or omission performed or omitted by a Member or Manager pursuant to this Agreement or the affairs of the Company, whether for mistake of judgment or negligence or other action or inaction, unless the Member or Manager’s action or omission was committed in bad faith or was the result of active and deliberate dishonesty or, as a result of which, he gained in fact a financial profit or other advantage to which he is not legally entitled . . .
[Fletcher Granite] shall protect, indemnify, defend and hold harmless each Member and its Affiliates and each Manager . . . for any acts or omissions performed or omitted by a Member or Manager pursuant to this Agreement of the affairs of ttie Company unless the Member or Manager’s action or omission was committed in bad faith or was the result of active and deliberate dishonesty or, as a result of which, he gained in fact a financial profit or other advantage to which he is not legally entitled. The indemnification authorized under this Section 5.5 shall include payment on demand of reasonable attorneys fees and other expenses incurred in connection with, or in settlement of any legal proceedings (whether between... the Member or Manager and another Member or Manager or the Company) . . .
Pointer made an appropriate demand for payment of his fees in defending against the counterclaim.
Fletcher Granite denied indemnification on the grounds that the claims against Pointer and Stone Ridge fell within the exceptions enumerated in the referenced clauses of the Operating Agreement.
DISCUSSION
Pointer mostly argues the beneficial effect of indemnification clauses in corporate bylaws and limited liability company operating agreements. They are generally accepted as encouraging individuals to assume positions of responsibility without simultaneously making themselves susceptible to potentially large expenditures with little or no fault. The exercise of the business judgment rule, for example, can often result in litigation for which indemnification is appropriate.
The cases and concepts expressed by Pointer, while correct as a generality, are not the situation presented to the Court. Here, Pointer, a significant interest-holder in Fletcher Granite and, at the key times, its president, is charged with misappropriation of corporate opportunities for his own benefit. That is quite a different situation from that for which indemnification is generally provided.
Pointer is entitled to indemnification “unless [his] action or omission was committed in bad faith ... or, as a result of which, he gained in fact a financial profit or other advantage to which he is not legally entitled.” If, as the counterclaim alleges, it is proved that Pointer misappropriated significant corporate or business opportunities of Fletcher Granite, he thereby is acting in bad faith or may have gained a financial profit to which he is not entitled. See, e.g. BBF, Inc v. Germanium Power Devices Corp., 13 Mass.App.Ct. 166, 171-72 (1982).
Whether this is true, of course, will not be known until this case is resolved. If it is resolved on the corporate opportunity issues in Pointer’s favor, it certainly appears that he would be entitled to indemnification. If not, he is not.
The real question now is not whether Pointer is entitled to indemnification, but rather whether he is entitled to an advancement on that potential indemnification. Any advancement is discretionary, not mandatory.
This Court, on these facts, is not about to rule that Fletcher Granite must advance fees to Pointer or anyone else. That is a business judgment to be made by the appropriate persons or board at Fletcher Granite, not by a judge.
Further, as implied above, this ruling on Pointer’s motion is solely limited to it. The Court did not, and does not, have before it any issues regarding the propriety of advancements, if any, by Fletcher Granite of fees or costs to the individual defendants.
ORDER
For the foregoing reasons, the Plaintiffs Motion for an Order Requiring the Company, Pursuant to its Operating Agreement, to Pay His Attorneys Fees Defending Against the Counterclaims, Paper #31, is DENIED.